Ronald and Wanda Wehrle v. Commissioner.
Wehrle v. Commissioner
Docket No. 4176-68.
United States Tax Court
T.C. Memo 1970-108; 1970 Tax Ct. Memo LEXIS 254; 29 T.C.M. (CCH) 489; T.C.M. (RIA) 70108; May 7, 1970, Filed Ronald Wehrle, pro se, 3201 Green St., Steger, Ill. Lloyd S. Kamps for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: Respondent determined a deficiency in income tax due from the petitioners for the taxable year ended December 31, 1965 in the amount of $471. The proposed deficiency resulted from the disallowance in part of a loss claimed by petitioners on account of the destruction by fire on February 11, 1965 of a house trailer and its contents. The sole issue relates to the value of the property destroyed. At the conclusion of the trial, the parties waived the filing of briefs. Findings of Fact The parties submitted a stipulation of facts supplemented *255 by oral testimony. The facts as stipulated are incorporated herein by this reference. At the time of the filing of the petition and presently, petitioners reside at 3201 Green Street, Steger, Illinois 60475. Prior to February 11, 1965 the petitioners resided in a house trailer. The trailer and its contents were owned by them. On February 11, 1965 the house trailer and contents were destroyed by fire. On their Federal income tax return filed for the calendar year 1965, the petitioners claimed a deduction in the amount of $3,647 for the casualty loss resulting from the destruction of the house trailer and contents. The petitioners calculated their loss with respect to the house trailer as follows: Claimed fair market value of house trailer at time of loss
$4,936
Less insurance recovery 4,365
Uncompensated casualty loss
$ 571
The petitioners calculated their loss with respect to the contents of the house trailer as follows: Claimed fair market value of contents of the house trailer at the time of loss
$5,176
Less insurance recovery 2,000
Uncompensated casualty loss
$3,176
The petitioners calculated the amount of casualty loss claimed *256 as a deduction on their 1965 Federal income tax return as follows: Uncompensated loss from destruction of house trailer
$571
Uncompensated loss from destruction of contents of house trailer 3,176
Subtotal
$3,747
Less $100 limitation pursuant to section 165(c)(3), I.R.C. 1954 100
Total
$3,647
The determination of the respondent allowed the casualty loss deduction claimed by the petitioners to the extent of $1,502 and disallowed the balance of the casualty loss deduction claimed by the petitioners in the amount of $2,145. The respondent determined the allowed casualty loss deduction as follows: 490 Fair market value of house trailer at time of loss
$4,365
Less insurance recovery 4,365
Uncompensated casualty loss
-0-
Fair market value of contents of house trailer
$3,602
Less insurance recovery 2,000
Uncompensated casualty loss
$1,602
Less $100 limitation pursuant to section 165(c)(3), I.R.C. 1954 100
Total loss allowed by the Internal Reve- nue Service
$1,502
At the time of loss, the house trailer was fully insured by the Trinity Universal Company for $6,000 but the contents were insured only up to $2,000. Ultimate *257 Findings of Fact On February 11, 1965 the fair market value of the house trailer destroyed by fire was $4,936. On February 11, 1965 the value of the contents in the house trailer destroyed by fire was $3,602. Opinion With respect to the value of the house trailer, the petitioners presented a statement from Harvey Trailer Sales, Inc., Harvey, Illinois, dealers for this model trailer. In the opinion of the dealer, the value of the trailer was $4,936. The respondent offered the testimony of an insurance adjuster who proposed to value the house trailer on the basis of the "blue book" and on the basis of conversations with other dealers. Due to the fact that the respondent's witness predicated his testimony either on the "blue book" which did not make allowances for the extra items included in petitioners' trailer, or on the unsubstantiated testimony of other dealers likewise unfamiliar with the trailer in question, the Court refused to admit such testimony. Accordingly, the only evidence presented was that offered by the petitioners which supported a valuation of $4,936. The trailer in question was a model 1963 DeLuxe Valiant Mobile Home. The extra items ordered by the petitioners *258 included the following: Tip-Out Room Storms Complete Sandran floor covering Bowen gas hot water heater Extra window in living room DeLuxe Magic Chef range Oak paneling throughout Shutters Extra carpeting DeLuxe furniture Ronald Wehrle testified that the replacement cost of the trailer would run between $6,400 and $6,475. The trailer was relatively new and the cost to petitioners was substantially in excess of the amount claimed. Accordingly, the Court is of the opinion that the valuation claimed by the petitioners for purposes of determining the amount of loss amounting to $4,936, based on a contemporaneous opinion of Harvey Trailer Sales, Inc., was reasonable and should be sustained. With respect to the contents in the trailer, the respondent allowed a total of $3,602. While the cost of the items destroyed may have exceeded that amount, there was a substantial depreciation value once the contents were put into use or service. Accordingly, the Court finds respondent's determination was reasonable and should be sustained. Decision will be entered under Rule 50.